# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MUSTAFA OZSUSAMLAR,**

    Plaintiff,

v.                                                    **Civil Action No. 5:21-CV-114**
                                                            Judge Bailey

**PAUL ADAMS, Warden, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

The plaintiff, Mustafa Ozsusamlar, a federal prisoner, filed this action on July 14, 2021, under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971) alleging violations of his First Amendment rights at FCI Hazelton. In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees (*in forma pauperis*).

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, **Ashley v. E. Dilworth**, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes')."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also* **Finley v. Doe**, 2008 WL 264-5472 (S.D. W.Va. June 30, 2008) (Johnston, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. See **Ozsusamlar v. Tulman**, Civil Action No. 08-CV-5824 (KMW) (S.D. N.Y. June 27, 2008) (dismissed for failure to state a claim and warning of consequences of accumulating three strikes); **Ozsusamlar v. Southwell**, Civil Action No. 07-CV-5736 (KMW) (S.D.N.Y. June 18, 2007) (dismissed for failure to state a claim and for suing immune defendant), *app. dismissed*, (No. 0 7-5401-pr (2d Cir. April 17, 2009) (dismissed as frivolous); **Ozsusamlar v. Campanella**, No. 06-CV-5424 (MBM) (S.D.N.Y. July 18, 2006) (dismissed for failure to state a claim); *see also* **Ozsusamlar v. Ponds**, 1:04-cv-02047-MBM (S.D.N.Y. Mar. 16, 2004) (explaining that complaint was being dismissed for lack of subject-matter jurisdiction, improper venue, and failure to state claim). The Court also notes that in 2013, the plaintiff filed a civil rights lawsuit in the Southern District of New York. See **Ozsusamlar v. Seidler**, 1:13-cv-08415-LAP (S.D.N.Y. Mar. 12, 2014). The district court ordered him to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g). The Court explained that

because the plaintiff already had accumulated at least three strikes, he could no proceed unless he paid the full filing fee. The plaintiff responded that he could pay the fee in installments, but he did not dispute that he had accumulated three strikes. Finally, the Court notes in 2016, the United States Court of Appeals for the Seventh Circuit found that the plaintiff had committed a fraud against both it and the district court by not disclosing his ineligibility to proceed IFP. Accordingly, the Court of Appeals immediately dismissed the appeal and gave the plaintiff 14 days to pay the appellate fees of $504. In addition, the Court of Appeals indicated that it would enter an order directing the clerks of all courts in that circuit to return unfiled all papers the plaintiff submitted (other than collateral attacks on his imprisonment) until all outstanding fee are paid. See **Ozsusamlar v. Szoke**, 669 Fed. Appx. 795 (7th Cir. 2016).

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, the plaintiff alleges that various employees of the Bureau of Prisons at FCI Hazelton have destroyed his incoming and outgoing legal mail and opened, read and copied the same outside his presence, cursed and yelled at him, moved him from the ground floor to the fourth floor for punishment, not responded to his remedy requests, and not given him a job. For relief, he asks the Court to sentence the defendants to imprisonment and fines and give him his legal rights as well as unspecific declaratory relief and compensation.

Accordingly, the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and his Motion to proceed *in forma pauperis* **[Doc. 2]** is **DENIED**, and his Motion/Constitutional Bill of Right to an Attorney and a Turkish Interpreter **[Doc. 5]** is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to mail a copy of this Order to the plaintiff by certified mail,

return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** July 15, 2021.

_____
**JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE**